Nathan Sloan, trading as Nathan Sloan & Company for use of First National Bank of Chicago, Defendant in Error, v. Boston Insurance Company, Plaintiff in Error.

Gen. No. 19,120.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Edwin K. Walker, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed April 23, 1914.

## Statement of the Case.

Action by Nathan Sloan, trading as Nathan Sloan & Company, for use of First National Bank of Chicago against Boston Insurance Company, a corporation, upon a fire insurance policy for $1,000. The plaintiff was a manufacturer of ladies' suits and cloaks and occupied a floor of a fireproof building. He carried insurance amounting to $17,000 upon his stock of merchandise, represented by seventeen policies of $1,000 each, issued in different insurance companies. The statement of claim alleged that the plaintiff sustained a loss of $24,993.06; that he made proofs of loss; that an appraisement was made pursuant to the provisions of the policy; and that the appraisers fixed the sound value of plaintiff's property at the sum of $11,550, and the loss and damage thereon at the same amount. Upon a trial before a jury, a verdict was rendered for plaintiff for $710.55, being one-seventeenth of $11,550, with interest. To reverse a judgment entered upon the verdict, defendant brings error.

Charles B. Obermeyer, for plaintiff in error.

Frank M. Fairfield, for defendant in error.

Mr. Presiding Justice Fitch delivered the opinion of the court.

Sloan v. Queen Ins. Co. of America, 186 Ill. App. 82.

## Abstract of the Decision.

1. INSURANCE, § 131*—*property covered by insurance policy.* Where a fire policy described the property insured as being "on stock of merchandise consisting chiefly of ladies' suits, skirts and jackets, manufactured and in the process of manufacture, and all the materials used in the manufacture of the same, their own or held by them in trust, or on commission," *held* that the policy covered furs and skins not owned by the insured but held by him "on memorandum," to be sold in the name of the owner, though the insured's compensation for selling them was fixed at a certain proportion of the profits.

2. INSURANCE, § 218*—*when printed condition in policy qualified by special provision.* A general printed condition in a fire insurance policy which stated: "This policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership," *held* qualified by a special provision covering property held by the insured "in trust or on commission."

3. INSURANCE, § 669*—*when amount recovered on fire policy not sustained by the evidence.* In an action on a fire insurance policy, a verdict for the plaintiff *held* to be against the weight of the evidence as to the amount of loss sustained, it appearing that the amount of loss as stated in plaintiff's proof of loss and in the appraisers' report was excessive and that the jury may have acted upon the erroneous assumption that the report of appraisers was conclusive.